**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT ) | | |
| OPPORTUNITY COMMISSION, ) | | |
| ) | | |
|         **Plaintiff,** ) | | |
| ) | | |
| v. ) | Case No. 6:11-CV-03367 MDH | |
| ) | | |
| NEW PRIME, INC., ) | | |
| ) | | |
|         **Defendant.** ) | | |

**ORDER ON INJUNCTIVE RELIEF**

Plaintiff Equal Employment Opportunity Commission ("EEOC") instituted this civil action against Defendant New Prime, Inc. ("Prime") alleging Prime violated Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq*. The EEOC alleged that Prime's policy of assigning female applicants for truck driver training positions only to female trainers, with limited exceptions, discriminated against women because of their sex in training and hiring. The EEOC alleged further that Prime failed to preserve personnel and employment records, including its "female waiting lists," in violation of 42 U.S.C. § 2000e-8(c) and 29 C.F.R. § 1602.14 (2007). The EEOC sought monetary and equitable relief for the women harmed by Prime's actions as well as injunctive relief to prevent future discrimination by Prime.

On August 14, 2014, the Court issued an order finding Prime engaged in a pattern or practice of discrimination against women driver applicants and women drivers through its same-gender training policy, which the Court found was Prime's standard operating procedure from approximately 2004 to 2013. The Court found Prime's facially discriminatory same-gender training policy placed limits on the opportunity for female applicants to be trained versus male

applicants. The Court explained that "[t]his was no small impediment but one which could require women to remain on the waiting lists for a year or more while men faced no such delay."

Prime defended its position by arguing it adopted the same-gender trainer policy to protect the privacy and safety of women and to reduce complaints of sexual harassment by female drivers and female driver trainees. The Court found "no difficulty" concluding that Prime could not establish a bona fide occupational qualification ("BFOQ") based on safety concerns, reasoning that "[g]ender must relate to an employee's ability to perform the duties of the job in order for the BFOQ to apply" and "the BFOQ defense is extremely narrow and does not extend to the protection of employees." The Court further explained that "[s]imilar to *Johnson Controls*, the women who apply for positions at Prime should be allowed to make their own decisions regarding their potential employment within the trucking industry." Although the Court rejected Prime's BFOQ defense, the Court declined to issue a finding as to whether Prime enacted the same gender training policy – misguided as it was – based on evil or malicious motive; instead, the Court ruled that Prime's motive was a disputed issue of material fact and declined to award punitive damages as a matter of law.

Following entry of the Court's summary judgment order, and based on the Special Master's Report and Recommendations (Doc. 365) and the Court's Order Adopting in Part the Special Master's Report and Recommendations (Doc. 385), the parties submitted a Joint Report to Court (Doc. 434) wherein the parties agreed to back pay amounts for each Class Member that was harmed by Prime's same-gender trainer policy. The parties subsequently filed a joint motion for entry of consent judgment regarding all monetary relief, wherein the parties agreed to compensatory damages and a process for payment of monetary relief to Class Members. The

2

Court granted the parties' motion and entered a Consent Decree resolving all monetary relief issues (Doc. 449).

The sole remaining issue before the Court is whether injunctive relief is appropriate and, if so, what injunctive relief is appropriate. In light of the legally impermissible policy at issue in this case, the length of time the policy was in place, and the number of individuals affected by the policy, the Court finds limited injunctive relief is appropriate and necessary to ensure Prime's compliance with the law and to provide a complete remedy to the claimants. The Court has considered the interests of the claimants, the EEOC, Prime, and the public in fashioning the below award and the Court finds the injunctive relief ordered herein is narrowly tailored to address and remedy the discrimination and harms at issue in this case and to prevent the likelihood of future harm.

The Court notes that it has not granted all of the injunctive relief requested by the EEOC. Much of the relief requested by the EEOC is directed toward preventing future gender-biased policies from being enacted by Prime. Such requests are largely premised on the assumption that Prime enacted its same-gender training policy out of an evil or malicious motive and that such a motive may or will be the basis for adoption and implementation of new discriminatory policies or procedures in the future. As indicated above, however, the Court declined the opportunity to find as a matter of law that Prime's motivation was evil or malicious. Here, too, the Court declines to impose equitable relief based on any such assumption. While Prime's same-gender training policy was illegal, misguided, and ill-advised, the Court is not willing to find, upon the evidence presented, that Prime's motive for the policy was evil or malicious.

The Court specifically rejects the EEOC's request for appointment of an outside monitor to report on the status of Prime's compliance with this Order, to make recommendations to Prime

regarding its policies, procedures, and practices related to driver recruitment, hiring, driver trainee assignments, investigation/prevention of sex discrimination and sexual harassment, and to facilitate the resolution of disputes. The Court finds the EEOC's request to appoint an outside monitor is overly broad and unnecessarily intrusive. The monitor's oversight and investigative authority, as proposed by the EEOC, goes far beyond the discriminatory policy at issue in this case, which the Court notes has been suspended since March of 2013 and which was permanently replaced upon entry of the Court's summary judgment order in August of 2014. As to the possibility of future harm and the need for deterrence, the Court finds the equitable relief granted herein together with the monetary relief awarded, the time, expense, and negative publicity associated with this litigation, and the risk of future liability are all sufficient to deter Prime from adopting or implementing future policies and procedures that discriminate against women.

The Court further rejects the EEOC's request for injunctive relief requiring Prime to provide notices to all applicants and employees stating that federal law prohibits sex discrimination with respect to applicants, employees, and former employees and notifying those individuals to report concerns to the EEOC or the outside monitor. Prime reports that its online driver application process currently begins with a notice that states "[i]n compliance with Federal and State equal employment opportunity laws, qualified applicants are considered for all positions without regard to race, color, religion, sex, national origin, age, marital status, or non-job-related disability." Prime reports that all of its employees are provided a copy of Prime's Non-Discrimination and Anti-Harassment Policy and that the employees are required to execute an "acknowledgment of receipt and understanding" of the policy and confirm that they have received trained regarding the policy. Upon review, the Court finds the EEOC's requested

injunctive relief regarding notice is unnecessary and generally duplicative of procedures already in place.

Finally, the EEOC's request for Prime to maintain certain documents for inspection by the monitor is denied. As discussed above, the Court finds the appointment of a monitor is not appropriate in this case. Prime will be expected to retain documents only as may otherwise be required by law.

After careful consideration and in the exercise of its discretion, the Court has focused the equitable relief awarded herein to remedy the consequences of the same-gender trainer policy already determined to be illegal rather than to prevent some future discriminatory policy or procedure that the EEOC fears Prime may adopt in the future based on the EEOC's perspective of Prime's past motive. Accordingly, the Court hereby **ORDERS** as follows:

1. Prime shall not discriminate against applicants or employees with respect to hiring, training, promotion, firing, compensation, or other terms, conditions, or privileges of employment on the basis of sex.

2. Prime shall not implement a same-sex trainer policy or any other policy or practice that creates barriers to entry or advancement of prospective or actual employee drivers based on gender.

3. Within thirty days of the date of this Order, Prime shall send a letter to each Class Member inviting her to apply for employment as a driver or driver trainee with Prime. The letter shall include an appropriate form and a self-addressed, stamped envelope for the Class Member to respond to such invitation. To the extent a Class Member responds to such invitation requesting to submit an application to Prime, Prime shall give priority hiring consideration to a Class Member over other applicants for employment. The Class Member shall be treated like all

other driver or driver trainee applicants with respect to qualifications, job assignment, and all other terms and conditions of employment. If a Class Member is hired as an employee driver by Prime through the procedure described herein, such Class Member shall be immediately eligible for medical, pharmacy, dental and life insurance benefits, and Prime's 401-K Plan, notwithstanding the waiting period for such benefits.

**IT IS SO ORDERED**.

Date: May 26, 2016             */s/ Douglas Harpool*
                               **DOUGLAS HARPOOL**
                               **UNITED STATES DISTRICT JUDGE**